IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| RYAN PRESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-276-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| FREIGHTLINER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

David H. Griggs
Megan Dolan
Dolan Griggs LLP
1130 SW Morrison Street, Suite 630
Portland, Oregon  97205

    Attorneys for Plaintiff

Victor J. Kisch
Marc E. Alifanz
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, Oregon  97204-1268

    Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

I previously granted summary judgment and dismissed all of plaintiff Ryan Presley's claims alleged against his former employer, Freightliner, LLC, in this employment discrimination case.  Before the court is Defendant's Bill of Costs (#52), in which Freightliner seeks costs of $3,625.99.

Federal Rule of Civil Procedure 54(d)(l) provides, in part:  "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."

Presley asks me to refrain from awarding any costs.  He argues that a costs award would chill future civil rights litigants because an award would cause him undue financial hardship.  He submitted an affidavit stating:  (1) he has wages of $2,500 a month before taxes; (2) after paying his rent, car payments and insurance, and credit card payments, he has about $500 a month for food, gas, utilities, and other living expenses; (3) he is making payments on his $8,000 debt; (4) he has no major assets except 1998 and 2001 cars; and (5) his fiancee is having a baby in February 2009, which will cause his expenses to increase significantly.

Freightliner continues to fight for its costs, arguing that it was subjected to litigation for over a year on a meritless claim, and that Presley has not proven that a costs award would make him indigent.

Rule 54 creates a presumption in favor of awarding costs to a prevailing party, but also gives the district court discretion to refuse to do so.  <u>Berkla v. Corel Corp.</u>, 302 F.3d 909, 921 (9th Cir. 2002).  Some factors considered by courts when refusing to award costs include the plaintiff's indigency, the possibility of chilling future civil rights litigants, the importance and

complexity of the case, whether the unsuccessful claims had any merit, and the economic disparity between the parties. Stanley v. University of Southern California, 178 F.3d 1069, 1079 (9th Cir.), cert. denied, 528 U.S. 1022 (1999); Assoc. of Mexican-American v. State of California, 231 F.3d 572, 592-93 (9th Cir. 2000).

Although Presley is working, he does not have enough income to retire his consumer debt. Moreover, his expenses will increase when his baby arrives in a few months. Although Presley is not indigent, an additional debt of $3,625 would be a significant hardship. Presley obviously has fewer resources than Freightliner. An award against him could have a chilling effect on other civil rights litigants. I agree with Freightliner that Presley's claims were not strong but I conclude that the other factors outweigh this one.

After considering all the arguments, I decline to award costs to Freightliner. Defendant's Bill of Costs (#52) is denied.

IT IS SO ORDERED.

Dated this      7th      day of November, 2008.

　　　　　　　　　　　　　　    /s/ Garr M. King
　　　　　　　　　　　　　　  Garr M. King
　　　　　　　　　　　　　　  United States District Judge

Page 3 - OPINION AND ORDER